UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HUNT VALLEY RESTORATION, LLC d/b/a SERVPRO OF HUNT VALLEY & HARFORD COUNTY AND BOWEN OPERATIONS, INC. f/k/a BOWEN-WILSON, INC. | CIVIL ACTION<br><br>NO. 22-2795<br><br>SECTION M (1) |
| VERSUS | |
| BERK-COHEN ASSOCIATES, LLC d/b/a FOREST ISLE APARTMENTS AND OLIVER'S AIR CONDITIONING, LLC | |

**ORDER & REASONS**

Before the Court is a motion to set aside entry of default filed by defendant Oliver's Air Conditioning, LLC ("Oliver's AC").[1] Plaintiffs Hunt Valley Restoration, LLC d/b/a Servpro of Hunt Valley & Harford County and Bowen Operations, Inc. f/k/a Bowen-Wilson, Inc. (together, "Plaintiffs") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court grants Oliver's AC's motion to set aside the entry of default.

**I.   BACKGROUND**

This case concerns claims of unpaid invoices for hurricane remediation work. Defendant Berk-Cohen Associates, LLC d/b/a Forest Isle Apartments ("Berk-Cohen") owns the Forest Isle Apartments in New Orleans, Louisiana.[3] On September 2, 2021, Berk-Cohen hired Plaintiffs to perform hurricane remediation work on the property including extracting standing water; removing affected ceilings, walls, and flooring; removing affected appliances and fixtures; and hiring

---
[1] R. Doc. 21.
[2] R. Doc. 26.
[3] R. Doc. 1 at 2.

companies to inspect, repair, and replace HVAC systems and roofs on the buildings.[4]  At Berk-Cohen's recommendation, Plaintiffs hired Oliver's AC to perform the HVAC work.[5]  Plaintiffs allege that they billed Berk-Cohen $3,505,006.69 for the work, consisting of $1,047,161.73 for the emergency services phase, $1,085,272.97 for the mitigation phase, and $1,372,571.99 for the rebuild phase.[6]  Plaintiffs further allege that Berk-Cohen has paid them $1,300,000.00, which includes all amounts for the emergency phase, and currently owes them $2,205,006.69, plus contractual attorney's fees and interest.[7]  According to Plaintiffs, Berk-Cohen refuses to pay the remaining balance because it believes Plaintiffs, who do not hold Louisiana contractor's licenses, are not entitled to overhead and profit, and also because Oliver's AC did not perform the work billed to and paid by Plaintiffs.[8]  Plaintiffs filed this action on August 22, 2022, seeking payment through breach-of-contract and unjust enrichment claims against both defendants and an open account claim against Berk-Cohen.[9]

On August 23, 2022, the Clerk of Court issued a summons to Oliver's AC care of Veronique Williams Reed.[10]  Then, on August 25, 2022, the Clerk of Court issued another summons to Oliver's AC, this time care of Oliver Reed, IV.[11]  On September 22, 2022, an executed return with respect to the summons issued to Oliver's AC care of Oliver Reed, IV was filed into the record.[12]  It states that Oliver Reed, IV was served on September 16, 2022, by process server Thomas Bacon.[13]

---

[4] *Id.* at 2-3.
[5] *Id.* at 3.
[6] *Id.*
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.* at 5-9.
[10] R. Doc. 5 at 3.
[11] R. Doc. 7 at 1.  The Clerk of Court also issued a summons to Berk-Cohen, R. Doc. 5 at 1-2, and Berk-Cohen waived service.  R. Doc. 8.
[12] R. Doc. 12.
[13] *Id.* at 2.

...

A few months later, on November 29, 2022, this Court, noting that Oliver's AC had not filed responsive pleadings, ordered Plaintiffs to obtain responsive pleadings from, or move for entry of a preliminary default on, Oliver's AC by January 9, 2023.[14] Plaintiffs moved for an entry of default on Oliver's AC, and the Clerk of Court granted the motion.[15] On March 8, 2023, this Court, noting that Plaintiffs had not moved for a default judgment against Oliver's AC, ordered Plaintiffs to either take steps to further prosecute the claims or show cause why Oliver's AC should not be dismissed from the case, on or before April 7, 2023.[16] On April 5, 2023, Plaintiffs filed a notice of compliance explaining the procedural history and stating that they are taking steps to prosecute their claims against Oliver's AC, including attempting to resolve them through settlement.[17]

## II.   PENDING MOTION

On March 28, 2023, Oliver's AC filed the instant motion to set aside entry of default on two grounds: ineffective service of process and lack of subject-matter jurisdiction.[18] First, Oliver's AC argues that it was not served properly pursuant to Louisiana or federal law because the September 16, 2022 proof of service indicates that Veronique Reed, the company's registered agent and the person designated by law to accept service on its behalf, was not served as her name does not appear on the proof of service.[19] Next, Oliver's AC argues that service on its manager and member, Oliver Reed, IV, whose name does appear on the proof of service, also was not proper because he was not personally served since the "personally served" and "domiciliary service" sections were left blank on the proof of service.[20] Alternatively, Oliver's AC argues that this Court

---

[14] R. Doc. 14 at 2.
[15] R. Docs. 15; 16.
[16] R. Doc. 18 at 2.
[17] R. Doc. 24.
[18] R. Doc. 21.
[19] R. Doc. 21-1 at 3-4.
[20] *Id.* at 3.

lacks diversity subject-matter jurisdiction because (1) the claims against Oliver's AC are not supplemental to, but separate and apart from, Plaintiffs' claims against Berk-Cohen; and (2) Plaintiffs' claims against Oliver's AC do not meet the $75,000 amount-in-controversy requirement.[21] For these reasons, Oliver's AC asks that the entry of default be set aside.

In opposition, Plaintiffs respond that service of process on Oliver's AC was effective pursuant to Rule 4(h) of the Federal Rules of Civil Procedure and this Court has diversity subject-matter jurisdiction over the claims.[22] First, Plaintiffs argue that, as a limited liability company, Oliver's AC can be served through "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[23] Because Oliver Reed, IV is listed as the manager, member, and officer of Oliver's AC, Plaintiffs contend that service was effected when the process server delivered to him copies of the summons and complaint.[24] Further, Plaintiffs argue that they only resorted to serving Oliver Reed, IV after multiple unsuccessful attempts were made to effect service on Veronique Reed.[25] Second, Plaintiffs argue that subject-matter jurisdiction is proper because (1) the amount-in-controversy requirement is met since the original complaint seeks damages against both defendants for $2,205,006.69, and (2) the claims derive from a common nucleus of operative facts including the allegation that "Oliver's did not perform a portion of the work billed to and paid by [Plaintiffs]."[26] Accordingly, Plaintiffs argue that Oliver's AC's motion to set aside entry of default should be denied.

---

[21] *Id.* at 7-10.
[22] R. Doc. 26 at 3-10.
[23] *Id.* at 6 (quoting Fed. R. Civ. P. 4(h)) (emphasis omitted).
[24] R. Doc. 26 at 6.
[25] *Id.* at 7.
[26] *Id.* at 8-9; R. Doc. 1 at 4.

**III.   LAW & ANALYSIS**

Default judgments constitute "a drastic remedy … resorted to by courts only in extreme situations"; they are "generally disfavored in the law," with a preference for trial upon the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A motion to set aside an entry of default "'is more readily granted than a motion to set aside a default judgment.'" *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008) (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). "'Unless it appears that no injustice results from the default, relief should be granted.'" *Id.* at 370-71 (quoting *Azzopardi v. Ocean Drilling & Expl. Co.*, 742 F.2d 890, 895 (5th Cir. 1984)).

A district court may *sua sponte* set aside an entry of default "for good cause." *Mitchell v. Central Bank & Trust*, 49 F.3d 728, 1995 WL 103356, at *3 (5th Cir. Mar. 1, 1995) (citing Fed. R. Civ. P. 55(c)). "Good cause" has generally been interpreted liberally. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). For purposes of Rule 55(c), good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke*, 975 F.2d at 183. Thus, the Fifth Circuit has cautioned that courts universally favor trial on the merits, and the entry of a default judgment is committed to the sound discretion of the district judge and afforded great deference upon review. *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d 784, 796 (E.D. La. 2013) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

In determining whether good cause exists to set aside an entry of default, courts consider the following three factors: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Effjohn Int'l Cruise Holdings*, 346 F.3d at 563. These factors are not exclusive and other factors

may be considered, such as whether the party acted expeditiously to correct the default. *Id.* However, consideration and disposition of all three factors is not required, and "[c]ourts have been careful to avoid treating them as though they were exclusive." *Dierschke*, 975 F.2d at 184.

Here, Oliver's AC argues that the entry of default should be set aside because Oliver's AC was not served properly. "Absent proper service of process, the court lacks jurisdiction over a defendant and an entry of default granted under such conditions is void." *Conwill v. Greenberg Traurig, L.L.P.*, 2010 WL 2773239, at *3 (E.D. La. July 13, 2010) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)). Under Rule 4, a plaintiff is responsible for having the summons and complaint served within the allotted time. Fed. R. Civ. P. 4(c)(1). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Rule 4(h) provides that an unincorporated association, such as a limited liability company, must be served either: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual (*i.e.*, following the applicable state law for service, which in Louisiana includes personally delivering copies of the summons and complaint to the individual, leaving the copies at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there, or delivering the copies to an agent authorized by appointment, law, or mandate to receive service of process); or (B) by delivering copies of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process and by mailing copies to the defendant. Fed. R. Civ. P. 4(h). Oliver's AC contends that Oliver Reed, IV was not personally served and that Veronique Reed was not served at all. No one disputes the latter, but as to the former, Rule 4(h)(1)(B) permits service of the summons and complaint to

be made on an officer or managing agent of the company, which is exactly what occurred when Oliver Reed, IV received process in September 2022.  This was more than adequate to apprise Oliver's AC of the suit and its need to respond.  In the days following entry of default, Oliver's AC was obviously aware of the suit as evidenced by its attorney's communications and negotiations with Plaintiffs' counsel,[27] and still, it did not bother to file an answer to the complaint.  Thus, insufficient service of process is not a proper ground to set aside the entry of default.  Nor is lack of subject-matter jurisdiction: the complaint clearly evidences that Plaintiffs' claims against Oliver's AC, along with those against Berk-Cohen, are worth much more than the $75,000 jurisdictional threshold and arise from the same case or controversy.

      Nevertheless, because default judgments are disfavored, and there is evidence that the parties are negotiating a settlement, the Court finds that there is good cause to set aside the entry of default and allow Plaintiffs' claims against Oliver's AC to proceed on the merits.  Although mistaken, Oliver's AC believed it had a good defense in insufficient service of process, so its failure to act was not willful.  Further, because Plaintiffs have not yet applied for, or proved up, a default judgment and they must still prosecute their claims against Berk-Cohen, there is no prejudice in setting aside the mere entry of default against Oliver's AC and allowing the claims against it to also proceed on the merits.  However, Oliver's AC must file responsive pleadings forthwith but certainly not later than 14 days from the date of this Order & Reasons.  Any further missteps by Oliver's AC will not be tolerated.

---

[27] R. Doc. 26 at 2-3.

**IV.     CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Oliver's AC's motion to set aside entry of default (R. Doc. 21) is GRANTED.

New Orleans, Louisiana, this 28th day of April, 2023.

                                                                    _____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE